Theodore W. Chandler (Bar No. 219456)
tchandler@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:   (213) 896-6000
Facsimile:    (213) 896-6600

Kenneth G. Parker / Bar No. 182911
kenneth.parker@haynesboone.com
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LINKSMART WIRELESS TECHNOLOGY, LLC<br><br>            *Plaintiff,*<br><br>vs.<br><br>GOGO LLC<br><br>            *Defendant.* | Case No. 8:18-cv-00654-AG(JDEx)<br><br>**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Proposed Order filed concurrently]<br><br>  Date:         September 17, 2018<br>  Time:         10:00 a.m.<br>  Location: U.S. District Court<br>                411 W 4th St<br>                Santa Ana, CA 92701<br>  Courtroom: Courtroom 10D<br>Hon. Andrew J. Guilford |

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC**



LINKSMART WIRELESS TECHNOLOGY, LLC

     *Plaintiff,*

vs.

AEROVIAS DE MEXICO S.A. DE C.V.

     *Defendant.*

Case No. 2:18-cv-03335-AG(JDEx)

---

LINKSMART WIRELESS TECHNOLOGY, LLC

     *Plaintiff,*

vs.

AIR CANADA

     *Defendant.*

Case No. 2:18-cv-03337-AG(JDEx)

---

LINKSMART WIRELESS TECHNOLOGY, LLC

     *Plaintiff,*

vs.

SOCIÉTÉ AIR FRANCE and KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V.

     *Defendants.*

Case No. 2:18-cv-03341-AG(JDEx)

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC**



| | |
|---|---|
| LINKSMART WIRELESS TECHNOLOGY, LLC<br><br>*Plaintiff*,<br><br>vs.<br><br>ALASKA AIRLINES, INC.<br><br>*Defendant*. | Case No. 2:18-cv-03345-AG(JDEx) |
| LINKSMART WIRELESS TECHNOLOGY, LLC<br><br>*Plaintiff*,<br><br>vs.<br><br>UNITED AIRLINES, INC.<br><br>*Defendant*. | Case No. 2:18-cv-03348-AG(JDEx) |
| LINKSMART WIRELESS TECHNOLOGY, LLC<br><br>*Plaintiff*,<br><br>vs.<br><br>AMERICAN AIRLINES, INC.<br><br>*Defendant*. | Case No. 2:18-cv-03349-AG(JDEx) |
| LINKSMART WIRELESS TECHNOLOGY, LLC<br><br>*Plaintiff*,<br><br>vs.<br><br>BRITISH AIRWAYS, PLC.<br><br>*Defendant*. | Case No. 2:18-cv-03352-AG(JDEx) |

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC**



| LINKSMART WIRELESS TECHNOLOGY, LLC | Case No. 2:18-cv-03353-AG(JDEx) |
| --- | --- |
| *Plaintiff,* | |
| vs. | |
| EMIRATES; and THE EMIRATES GROUP | |
| *Defendants.* | |
| LINKSMART WIRELESS TECHNOLOGY, LLC | Case No. 2:18-cv-03354-AG(JDEx) |
| *Plaintiff,* | |
| vs. | |
| DELTA AIR LINES, INC. | |
| *Defendant.* | |
| LINKSMART WIRELESS TECHNOLOGY, LLC | Case No. 8:18-cv-00657-AG(JDEx) |
| *Plaintiff,* | |
| vs. | |
| WESTJET AIRLINES LTD. and WESTJET OPERATIONS CORP. | |
| *Defendants.* | |

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE
CUSTOMERS OF GOGO AND PANASONIC**

LINKSMART WIRELESS
TECHNOLOGY, LLC

            *Plaintiff*,

vs.

SOUTHWEST AIRLINES CO.


            *Defendant*.

Case No. 8:18-cv-00660-AG(JDEx)

LINKSMART WIRELESS
TECHNOLOGY, LLC

            *Plaintiff*,

vs.

PANASONIC AVIONICS CORP.

            *Defendant*.

Case No. 8:18-cv-00662-AG(JDEx)

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC**

# NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on September 17, 2018, at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Andrew J. Guilford, in Courtroom 10D, of the United States District Court for the Central District of California, located at 411 W 4th St, Santa Ana, CA 92701, Courtroom 10D, Defendants will and hereby do move this Court for an order staying the actions against the customers of Gogo, LLC ("Gogo") and Panasonic Avionics Corporation ("Panasonic"), which includes all Defendants except Gogo and Panasonic.  Defendants request that these cases be stayed pending the resolution of the cases against Gogo and Panasonic, the providers of the systems alleged to infringe Plaintiff Linksmart Wireless Technology, LLC's ("Plaintiff" or "Linksmart") U.S. Patent No. RE46,459.  As more fully set forth in the attached Memorandum of Points and Authorities, this Motion is made on the grounds that a stay is necessary to preserve the resources of this Court and of the parties.

The Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

This Motion is made following conferences of counsel pursuant to Local Rule 7-3, which took place on August 2, 2018.

-1-

DATED: August 17, 2018

Respectfully submitted,

By: /s/ Kenneth G. Parker

Kenneth G. Parker (Bar No. 182911)
kenneth.parker@haynesboone.com
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone:     (949) 202-3000
Facsimile:     (949) 202-3001

*Attorney for Defendants Panasonic Avionics, Corp., Southwest Airlines Co., WestJet Airlines Ltd., WestJet Operations Corp., Emirates, The Emirates Group, Aerovias de Mexico S.A. De C.V. Société Air France, Koninklijke Luchtvaart Maatschappij, N.V*

By: /s/ Theodore W. Chandler

Theodore W. Chandler (Bar No. 219456)
tchandler@sidley.com
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:     (213) 896-6000
Facsimile: (213) 896-6600

*Attorney for Defendants Gogo LLC, Air Canada, Alaska Airlines, Inc. American Airlines, Inc. British Airways, PLC Delta Air Lines, Inc. Aerovias de Mexico S.A. De C.V. Société Air France, Koninklijke Luchtvaart Maatschappij, N.V, United Airlines, Inc.*

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filing party hereby attests that all signatories listed concur in this filing's content and have authorized this filing

-2-

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................... 1

BACKGROUND ....................................................................................................... 1

ARGUMENT ............................................................................................................. 3

I.    THE CUSTOMER-SUIT EXCEPTION FAVORS STAY OF THE CUSTOMER LAWSUITS ...................................................................... 4

II.   THE TRADITIONAL DISCRETIONARY TEST ALSO FAVORS A STAY OF THIS ACTION ................................................................... 7

       A.    A STAY WILL SIMPLIFY THE FACTUAL AND LEGAL ISSUES TO BE RESOLVED IN THE CUSTOMER SUITS. .............. 8

       B.    THE CUSTOMER SUITS ARE IN THEIR BEGINNING STAGES ................................................................................ 8

       C.    PLAINTIFF WILL NOT BE PREJUDICED BY A STAY. ................. 9

CONCLUSION .......................................................................................................... 9

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Birdsell v. Shaliol,*
112 U.S. 485 (1884) ...................................................................................... 6

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,*
402 U.S. 313 (1971) ...................................................................................... 6

*Clinton v. Jones,*
520 U.S. 681 (1997) ...................................................................................... 7

*Glenayre Elecs., Inc. v. Jackson,*
443 F.3d 851 (Fed. Cir. 2006) ...................................................................... 6

*Guthy–Renker Fitness L.L.C. v. Icon Health & Fitness, Inc.,*
48 U.S.P.Q.2d 1058 (C.D. Cal. 1998) ........................................................... 9

*IMAX Corp. v. In-Three, Inc.,*
385 F. Supp. 2d 1030 (C.D. Cal. 2005) ........................................................ 7

*Katz v. Lear Siegler, Inc.,*
909 F.2d 1459 (Fed. Cir. 1990) ................................................................. 4, 5

*Lair v. Bullock,*
697 F.3d 1200 (9th Cir. 2012) ...................................................................... 4

*Landis v. N. Am. Co.,*
299 U.S. 248 (1936) ............................................................................... 3, 4, 7

*Leyva v. Certified Grocers of Cal., Ltd.,*
593 F.2d 857 (9th Cir. 1979) ........................................................................ 9

*In re Nintendo of America, Inc.,*
756 F.3d 1363 (Fed. Cir. 2014) ........................................................... 4, 5, 7, 8

*Select Retrieval, LLC v. L.L. Bean, Inc.,*
No. 2:12-cv-00003, 2013 WL 1099754 (D. Maine Mar. 15, 2013) ................. 6

*Union Tool Co. v. Wilson,*
259 U.S. 107 (1922) ...................................................................................... 6

-ii-

**INTRODUCTION**

On April 20, 2018, Linksmart filed fourteen lawsuits in this Court against fourteen different defendants.[1]  Each of these lawsuits alleges infringement of Linksmart's RE46,459 Patent (the "'459 Patent") by the various defendants.  Across the remaining thirteen complaints, Linksmart alleges that only two systems infringe the '459 Patent: Gogo LLC's ("Gogo's")[2] technology for providing wireless internet to airplane passengers, and certain wireless internet technology provided by Panasonic Avionics Corporation ("Panasonic").[3]  Two of the thirteen lawsuits name Gogo and Panasonic as defendants, and the remaining eleven lawsuits name various airlines as defendants as customers of Gogo or Panasonic.  As explained below, the suits against the airlines who are accused of infringement based on the installation of Gogo's or Panasonic's in-flight internet systems on their planes should be stayed to promote judicial efficiency and conserve both party and judicial resources.

**BACKGROUND**

Linksmart accuses twelve airlines of infringing its '459 Patent through their alleged use of Gogo's[4] or Panasonic's[5] technology for providing wireless internet

[1] The lawsuit filed against Sonifi Solutions, Inc., Case No. 2:18-cv-03344, has since been dismissed.

[2] In Case No. 8:18-cv-00654 (the "Gogo Lawsuit"), Plaintiff alleges that Gogo Inc. and Gogo LLC infringe its '459 Patent.  Gogo Inc. is a holding company that has been dismissed from this lawsuit.  Case No. 8:18-cv-00654, Dkt. 19.

[3] The suit against Panasonic Avionics Corporation is Case No. 8:18-cv-00662 (the "Panasonic Lawsuit").

[4] The following is a list of the eight lawsuits that Plaintiff has filed against airlines alleged to use Gogo's technology for providing wireless internet:

Linksmart v. Grupo Aeromexico S.A.B. de C.V. et al, Case No. 2:18-cv-03335;

Linksmart v. Air Canada, Case No. 2:18-cv-03337;

Linksmart v. Air France-KLM SA, Case No. 2:18-cv-03341;

Linksmart v. British Airways, PLC, Case No. 2:18-cv-03352;

Linksmart v. Alaska Air Group, Inc., Case No. 2:18-cv-03345;

Linksmart v. United Continental Holdings, Inc. et al, Case No. 2:18-cv-03348;

-1-

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC**

services onboard their aircraft. These airlines will be collectively referred to as the "Customer Defendants" and the actions against them will be collectively referred to as the "Customer Lawsuits." Across the eleven complaints against the Customer Defendants, after setting forth jurisdictional allegations and allegations relating to Plaintiff's '459 Patent, Linksmart repeats the same substantive allegations relating to the Gogo and/or Panasonic technology:

> [The Customer Defendant] has directly infringed and will continue to infringe, directly and indirectly through induced infringement, one or more claims of the '459 patent, including at least claim 91, among other claims, by making, using, selling, offering for sale, or importing in this District and elsewhere into the United States systems and/or methods covered by one or more claims of the '459 patent including, but not limited to at least the system that it has installed in its aircraft that use Gogo technology for [The Customer Defendant]'s passengers to access ISP services for aviation  operations (the "Accused Gogo System") and the system that it has installed in its aircraft that use Panasonic Avionics technology for [The Customer Defendant]'s passengers to access ISP services for aviation operations (the "Accused Panasonic System") (collectively the "Accused Systems"). Further discovery may reveal additional infringing products, devices, systems and/or methods.

*See*, *e.g.*, Compl. at ¶ 31, *Linksmart v. Grupo Aeromexico S.A.B. de C.V. et al*, Case

---

Linksmart v. American Airlines Group, Inc., Case No. 2:18-cv-03349; and Linksmart v. Delta Air Lines, Inc., Case No. 2:18-cv-03354.

Many of the originally named defendants in these cases have also been dismissed because they are holding companies.

[5] The following is a list of the five lawsuits that Plaintiff has filed against airlines alleged to use Panasonic's technology for providing wireless internet:

Linksmart v. Grupo Aeromexico S.A.B. de C.V. et al, Case No. 2:18-cv-03335;

Linksmart v. Emirates et al., Case No. 2:18-cv-03353;

Linksmart v. Air France-KLM SA, Case No. 2:18-cv-03341;

Linksmart v. WestJet Airlines Ltd. et al., Case No. 8:18-cv-00657;

Linksmart v. Southwest Airlines Co., Case No. 8:18-cv-00660.

-2-

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC**

No. 2:18-cv-03335 (C.D. Cal. 2018).[6]  The remaining allegations in each of the complaints against the Customer Defendants are directed to an explanation of how the Accused Systems allegedly infringe Linksmart's '459 Patent, and various conclusory statements regarding indirect infringement, knowledge of the patent, purported damages, and alleged harm to Linksmart.  *See id*. at ¶¶ 32-41.  Resolving the liability issues in the Gogo and Panasonic Lawsuits, and the Customer Lawsuits, will require determining whether or not the Accused Gogo and Panasonic Systems infringe Linksmart's '459 Patent and whether or not the '459 Patent is valid.

## ARGUMENT

Because the facts underlying each of the Customer Lawsuits substantially overlap with the facts underlying the claims in the Gogo and Panasonic Lawsuits, and because resolving the Gogo and Panasonic Lawsuits would likely resolve questions of infringement and validity of Linksmart's '459 Patent, this Court should temporarily stay the Customer Lawsuits to preserve the Court's and the parties' resources, and to avoid contemporaneous and potentially conflicting resolutions of the same factual and legal issues.

The Supreme Court has long held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In deciding whether to grant a motion to stay, the court must use the "exercise of judgment, which must

---

[6] The complaints against Grupo Aeromexico S.A.B. de C.V. and Air France-KLM SA contain these allegations of infringement relating to the use of both Gogo and Panasonic technology.  The remaining complaints against Air Canada, British Airways, PLC, Alaska Air Group, Inc., United Continental Holdings, Inc., American Airlines Group, Inc., and Delta Air Lines, Inc. relate to infringement of only the Accused Gogo System.  Similarly, the remaining complaints against Emirates, WestJet Airlines Ltd., and Southwest Airlines Co. relate to infringement of only the Accused Panasonic System.

-3-

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC**

weigh competing interests and maintain an even balance." *Id.* at 254-55; *see also Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012).

The cases against the Customer Defendants are ideal for a stay to resolve the substantive issues in the Gogo and Panasonic cases on at least two grounds. *First*, under the customer-suit exception to the first-to-file rule, as expanded by the Federal Circuit in *In re Nintendo of America, Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014), a stay is warranted. *Second*, the traditional stay factors also favor a stay. For either of these reasons, this Court should exercise its discretion and stay the Customer Lawsuits.

## I.  THE CUSTOMER-SUIT EXCEPTION FAVORS STAY OF THE CUSTOMER LAWSUITS

The cases against the Customer Defendants should be stayed under the customer-suit exception. In patent cases involving litigation against a manufacturer and its customers, the litigation against the manufacturer is preferred. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("[L]itigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer.") This is because the manufacturer, as the producer of the accused products, is recognized as the "'true defendant'" in the cases against its customers. *Id.* (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 738 (1st Cir. 1977)). Although the doctrine was originally applied as an exception to the first-to-file rule allowing stay or transfer of a case where parallel litigations would otherwise proceed in different jurisdictions (*see*, *e.g.*, *id.*), the logic of the customer-suit exception has been applied to stay cases against a manufacturer's customers, even when they are jointly sued in the same jurisdiction as the manufacturer. *See In re Nintendo*, 756 F.3d at 1366 (Fed. Cir. 2014) (granting a motion to sever case against manufacturer and customers, transferring lawsuit against manufacturer, and staying customer suits). Courts routinely grant such stays in a patent case where issues of invalidity and infringement are the same

-4-

in the case against the manufacturer as in the cases against its customers. *Id.*; *see also Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).  And even if some issues won't be resolved by the manufacturer lawsuit, the convenience of first resolving the common issues in the suit against the manufacturer weighs in favor of a stay. *In re Nintendo*, 756 F.3d at 1366 (quoting *Katz*, 909 F.2d at 1464 (Fed. Cir. 1990) ("Although there may be additional issues involving the defendants in [the customer] action, their prosecution will be advanced if [the plaintiff] is successful on the major premises being litigated in [the manufacturer litigation], and may well be mooted if [the plaintiff] is unsuccessful."))

The logic of the customer-suit exception as explained in *Nintendo* strongly favors staying the Customer Lawsuits here because resolving the manufacturer cases will likely moot the Customer Lawsuits.  In particular, major issues of non-infringement and invalidity in the Customer Lawsuits will be greatly simplified by resolving the Gogo and/or Panasonic Lawsuits.  Moreover, even if Linksmart succeeds in its claims against Gogo or Panasonic, a recovery in those lawsuits will prevent Linksmart from pursuing additional recovery against the Customer Defendants.

*First*, whether the Accused Gogo or Panasonic Systems (the only accused products) infringe the '459 Patent will likely be resolved in the Gogo and Panasonic Lawsuits.  In the complaints in the Customer Lawsuits, Linksmart alleges that the Customer Defendants infringe the '459 Patent to the extent they "use the Gogo technology" or "use Panasonic Avionics technology" to provide wireless internet onboard their planes. *See*, *e.g.*, Compl. at ¶ 31, *Linksmart v. Grupo Aeromexico S.A.B. de C.V. et al*, Case No. 2:18-cv-03335 (C.D. Cal. 2018).  If the Gogo and Panasonic Lawsuits result in a ruling that the Accused Systems do not infringe the '459 Patent, the cases against the Customer Defendants would be rendered moot because the Customer Defendants are only named as defendants due to this alleged

use of the Accused Gogo or Panasonic Systems.

*Second*, whether the '459 Patent is valid and can be asserted against the Accused Systems will likely also be resolved by the Gogo and Panasonic Lawsuits. In particular, if Gogo or Panasonic successfully challenges the validity of the '459 Patent, Plaintiff will be barred from asserting that patent against the Customer Defendants, since a finding of invalidity would be binding on Linksmart in all other actions. *See*, *e.g.*, *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971); *Select Retrieval, LLC v. L.L. Bean, Inc*., No. 2:12-cv-00003, 2013 WL 1099754 (D. Maine Mar. 15, 2013).  Thus, should Gogo or Panasonic succeed in proving that the '459 Patent is invalid, the Customer Lawsuits will be rendered moot.

*Finally*, even if Gogo or Panasonic were found to infringe a valid patent and a judgment were entered against it, Linksmart's recovery would prevent additional recovery against the Customer Defendants for their use of the device against which recovery was awarded.  A patent holder may only recover damages sufficient to provide it "full compensation" for acts of infringement.  *See Birdsell v. Shaliol*, 112 U.S. 485, 489 (1884); *Union Tool Co. v. Wilson*, 259 U.S. 107, 113 (1922).  Once a plaintiff obtains a royalty that provides such compensation, it is not permitted to recover further.  *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 865 (Fed. Cir. 2006) ("when a patentee receives full compensation for the wrongful use of an invention in devices made and sold by a manufacturer, the patentee effectively adopts the sales by the manufacturer such that purchasers and users of the devices receive implied licenses that free them from liability for infringement of the patent").[7]  This is true even if other parties may have been jointly liable for the infringement.  *Birdsell*, 112 U.S. at 489.  Here, any damages award for royalties against Gogo would fully compensate Linksmart for any infringement flowing from

---

[7] As in *Glenayre*, the asserted claims here are all apparatus claims.

-6-

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC**

the Accused Gogo System, and any damages award for royalties against Panasonic would fully compensate Linksmart for any infringement flowing from the Accused Panasonic Systems, rendering the Customer Lawsuits moot. *See*, *e.g.*, *In re Nintendo*, 756 F.3d at 1366 (holding award of royalties against manufacturer would preclude further recovery against customers).

For the foregoing reasons, this Court should apply the *Nintendo* customer-suit exception to the cases against the Customer Defendants and stay all of the Customer Lawsuits pending the resolution of the Gogo and Panasonic Lawsuits.

## II.   THE TRADITIONAL DISCRETIONARY TEST ALSO FAVORS A STAY OF THIS ACTION

Quite apart from the customer-suit exception, this Court has discretion to stay the Customer Lawsuits to prevent burdensome and duplicative litigation that would waste judicial and party resources. Under the traditional three-factor test, a stay of proceedings in a pending patent case is appropriate when: (1) the stay would simplify the issues in the litigation; (2) discovery has not been completed and a trial date is not set; (3) and the stay would not unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See*, *e.g.*, *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005). While "[t]he proponent of a stay bears the burden of establishing its need," *Clinton v. Jones*, 520 U.S. 681, 708 (1997), courts should "be on . . . guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." *Landis*, 299 U.S. at 256. A stay is proper, so long as it is "kept within the bounds of moderation." *Id.*

Granting a stay of the Customer Lawsuits would simplify the issues in these cases. Because the lawsuits are in the beginning stages and Linksmart would suffer no prejudice resulting from a stay, this Court should exercise its discretion to stay the Customer Lawsuits.

-7-

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC**

### A.     A STAY WILL SIMPLIFY THE FACTUAL AND LEGAL ISSUES TO BE RESOLVED IN THE CUSTOMER SUITS.

This Court should stay the Customer Lawsuits because resolving the Gogo and Panasonic Lawsuits will greatly simplify and obviate the need for this Court's resolution of core factual and legal issues underlying the Customer Lawsuits.

As explained above in Section I, Linksmart's claims against the Customer Defendants turn on establishing that the Accused Gogo or Panasonic Systems infringe its '459 Patent and that the patent is not invalid.  The issues of infringement and invalidity will likely be resolved in the Gogo and Panasonic Lawsuits, substantially narrowing or eliminating the issues that this Court will need to resolve in the Customer Lawsuits.  In addition, as the providers of the Accused Systems, Gogo and Panasonic are in the best position to provide the facts necessary to resolve the claims of infringement of the '459 Patent, as the relevant evidence to be collected regarding development, design and production of the Accused Gogo System is with Gogo and the Accused Panasonic System is with Panasonic.  *See, e.g.*, *In re Nintendo*, 756 F.3d at 1366 (holding that presence of relevant witnesses in transferee forum supported severance and transfer of case against manufacturer and stay of cases against customers).  And, as also explained above, any damages award entered in the Gogo or Panasonic Lawsuits would fully compensate Linksmart for any infringement, preventing additional recovery against the Customer Defendants.  Thus, staying these suits will promote judicial efficiency and avoid undue burden on the Customer Defendants.

### B.     THE CUSTOMER SUITS ARE IN THEIR BEGINNING STAGES

The Customer Lawsuits are all in their infancies, with answers having only just recently been filed.  No schedule has been entered, no discovery has begun or been taken to date, and no other motions have been filed or argued.  This factor strongly supports granting the stay in favor of the Customer Defendants.  *See*

-8-

*Guthy–Renker Fitness L.L.C. v. Icon Health & Fitness, Inc.*, 48 U.S.P.Q.2d 1058 (C.D. Cal. 1998) (holding that this factor favored stay where case was in "incipient stages" and parties had not yet engaged in "expensive discovery" and "no trial date had been set").

### C. PLAINTIFF WILL NOT BE PREJUDICED BY A STAY.

A stay pending the resolution of the Gogo and Panasonic Lawsuits will not prejudice Linksmart. The Gogo and Panasonic Lawsuits will proceed regardless of this motion's outcome. Thus, a stay in this action necessarily will be limited in time. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."). Furthermore, for the reasons explained *supra* in Section I, litigating Linksmart's claims in the Gogo and Panasonic Lawsuits will permit the parties to work more efficiently and expeditiously toward resolving the cases against Gogo and Panasonic, which will ultimately permit the resolution of the Customer Lawsuits faster than would be possible if each of those suits were tried separately.

### CONCLUSION

For the foregoing reasons, the Motion should be granted, and this Court should stay the Customer Lawsuits pending final resolution, including any appeals, of *Linksmart v. Gogo, Inc et al.*, Case No. 8:18-cv-00654 and *Linksmart v. Panasonic Avionics Corp.*, Case No. 8:18-cv-00662.

-9-

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC**

DATED: August 17, 2018               Respectfully submitted,

By: /s/ Kenneth G. Parker

Kenneth G. Parker (Bar No. 182911)
kenneth.parker@haynesboone.com
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone:      (949) 202-3000
Facsimile:      (949) 202-3001

*Attorney for Defendants Panasonic Avionics, Corp., Southwest Airlines Co., WestJet Airlines Ltd., WestJet Operations Corp., Emirates, The Emirates Group, Aerovias de Mexico S.A. De C.V. Société Air France, Koninklijke Luchtvaart Maatschappij, N.V*

By: /s/ Theodore W. Chandler

Theodore W. Chandler (Bar No. 219456)
tchandler@sidley.com
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:      (213) 896-6000
Facsimile: (213) 896-6600

*Attorney for Defendants Gogo LLC, Air Canada, Alaska Airlines, Inc. American Airlines, Inc. British Airways, PLC Delta Air Lines, Inc. Aerovias de Mexico S.A. De C.V. Société Air France, Koninklijke Luchtvaart Maatschappij, N.V, United Airlines, Inc.*

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filing party hereby attests that all signatories listed concur in this filing's content and have authorized this filing.

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AGAINST THE CUSTOMERS OF GOGO AND PANASONIC**